UNITED STATES DISTRICT COURT,

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ERIK BOHLIN and NADINE BOHLIN,<br>            Plaintiffs,<br><br>   v.<br><br>STATE FARM FIRE AND<br>CASUALTY COMPANY, a foreign<br>company, and DOE'S I- V, entities<br>and/or individuals,<br><br>            Defendants. | No. 2:25−cv−01635-JCC<br><br>STIPULATION AND PROTECTIVE ORDER<br><br>**NOTE ON MOTION CALENDAR:<br>February 5, 2026** |

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. This agreement does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable

STIPULATION AND PROTECTIVE ORDER -
1
NO. 2:25−cv−01635-JCC

**Serpe Andrews, PLLC**
221 First Avenue W., Ste 200
Seattle, WA 98119
(713) 452-4400

legal principles. It does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following categories of documents, information, and tangible things (including electronically stored information) produced or otherwise exchanged in discovery which are alleged by the producing party to be competitively sensitive, internal-use only, and/or trade secret:

1) Sensitive personal information, such as Social Security Numbers and financial records.

2) Claims training and procedure manuals and other materials that contain trade secret, confidential, internal-use only, and/or proprietary research, development, and/or commercial information of State Farm;

3) Materials relating to employee evaluations, compensation, performance reviews, and/or other sensitive, personal, non-job related, and private information;

4) Confidential and/or trade secret claims-handling and claims process materials, underwriting materials, insurance pricing, and/or documents relating to State Farm policies and practices; and

5) Any other proprietary, confidential, competitively sensitive, internal-use only, non-public material of a sensitive or proprietary nature, reinsurance, or trade secret information of State Farm and its related entities, financial information, training materials, and contracts or agreements with third parties.

The parties shall reserve the right to seek by stipulation or motion to enlarge this list as discovery proceeds in the event that any Party seeks additional information not included in the above description which is entitled to protections and is otherwise discoverable under Civil Procedure 26 and the local rules.

The listing of specific types of documents is not an admission that such are relevant to this case, that such will be produced, that such are otherwise subject to discovery or

STIPULATION AND PROTECTIVE ORDER - 2
NO. 2:25−cv−01635-JCC

**Serpe Andrews, PLLC**
221 First Avenue W., Ste 200
Seattle, WA 98119
(713) 452-4400

admissible evidence, or that such are actually confidential. Such listing indicates that if such production is required, it will be done pursuant to the terms of this Protective Order. There may be other categories of documents, and this list may be expanded or narrowed.

3. SCOPE

3.1    The protections conferred by this Order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this Order do not cover information that is in the public domain through proper means or otherwise becomes part of the public domain through trial. Specific to insurance-related litigation, however, an insured is obligated by contract to cooperate with its insurer to provide privacy information, e.g., DOBs, SSNs, driver license numbers, and names of minors for an insurer to evaluate the claim, while the insurer might disclose portions of personnel files of claim handlers, competitive business information, and financial accounting information. Given this uniqueness of insurance litigation, the parties will cooperate in good faith when filing a motion seeking leave of the Court to keep confidential and not considered part of the public domain limited information, parts of materials, and/or testimony introduced in court records or admitted at trial, when designated in good faith as confidential pursuant to an insurance requirement, Protective Order, Confidentiality Agreement, Order of a Court, governmental subpoena, regulatory compliance activity, or inadvertent disclosure that was subsequently remedied.

3.2    To the extent Plaintiff designates materials as CONFIDENTIAL nothing in this Order shall be construed to prohibit or restrict State Farm's rights and obligations regarding retention and disclosure of information according to the terms and conditions of

STIPULATION AND PROTECTIVE ORDER - 3
NO. 2:25−cv−01635-JCC

**Serpe Andrews, PLLC**
221 First Avenue W., Ste 200
Seattle, WA 98119
(713) 452-4400

plaintiffs' insurance policy. Specific to insurance-related litigation, nothing in this Order shall be construed to prohibit, restrict, or require State Farm to obtain an authorization for the retention, use, or disclosure of nonpublic Confidential information and records as authorized or as reasonably required by: State Farm's Information Retention Schedules; federal or state law or regulation; court order; rule, including, but not limited to, Medicare authorities; reporting to a third-party such as to LexisNexis C.L.U.E. (Comprehensive Loss Underwriting Exchange) for Auto & Property Reports or to ISO (Insurance Services Office) for analysis of records in anti-fraud efforts (using non-fraudulent data to benchmark); in reporting for rate-making or otherwise; and in paperless Claim File through its Electronic Claims Systems for permissible insurance functions. Nothing in this order shall prevent State Farm from retaining all documents necessary for regulatory compliance activities, nor from producing any documents necessary for regulatory compliance activities.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.2    Disclosure of "CONFIDENTIAL" Material. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

STIPULATION AND PROTECTIVE ORDER - 4
NO. 2:25−cv−01635-JCC

**Serpe Andrews, PLLC**
221 First Avenue W., Ste 200
Seattle, WA 98119
(713) 452-4400

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, including the court personnel and staff, court reporters and staff, as well as mediators, arbitrators, jury consultants, or factfinder(s) while in trial;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3    <u>Filing Confidential Material.</u> Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with

STIPULATION AND PROTECTIVE ORDER - 5
NO. 2:25−cv−01635-JCC

**Serpe Andrews, PLLC**
221 First Avenue W., Ste 200
Seattle, WA 98119
(713) 452-4400

the designating party in accordance with Local Civil Rule 5(g)(3)(A) to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil rules 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied without prejudice to renew and, depending on what is being filed and why, there may be a strong presumption of public access to the Court's files.

5. DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates materials for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

STIPULATION AND PROTECTIVE ORDER -
6
NO. 2:25−cv−01635-JCC

**Serpe Andrews, PLLC**
221 First Avenue W., Ste 200
Seattle, WA 98119
(713) 452-4400

If it comes to a designating party's attention that materials that it designated for protection does not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, sections 5.2(b) and 5.3 below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty (30) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. Whether or not designation is made at the time of a deposition, all depositions shall be treated as Confidential from the taking of the deposition until thirty (30) days after receipt of the transcript.

(c)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the item is stored the word "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER." If only a portion or portions

STIPULATION AND PROTECTIVE ORDER - 7
NO. 2:25−cv−01635-JCC

**Serpe Andrews, PLLC**
221 First Avenue W., Ste 200
Seattle, WA 98119
(713) 452-4400

of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

d)    Confidential material at trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. In the event confidential material (documents or testimony) is used in any court filing or proceeding in this action, it shall not lose its confidential status as between the parties through such use, but it will not be kept out of the public record in this action except by court order issued upon motion of the Party seeking to file the documents under seal. A Party that intends to present confidential material at a hearing or trial shall bring that issue to the court's and Parties' attention by motion or in a pretrial memorandum without disclosing the confidential material. The Party designating the confidential material may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection, if any, may be afforded to such information at the trial. The court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified material does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

STIPULATION AND PROTECTIVE ORDER -
8
NO. 2:25−cv−01635-JCC

Serpe Andrews, PLLC
221 First Avenue W., Ste 200
Seattle, WA 98119
(713) 452-4400

unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer.</u> The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 <u>Judicial Intervention.</u> If the parties cannot resolve a challenge without court intervention, any party may file and serve a motion to remove or retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any material designated in this action as "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

STIPULATION AND PROTECTIVE ORDER - 9
NO. 2:25−cv−01635-JCC

**Serpe Andrews, PLLC**
221 First Avenue W., Ste 200
Seattle, WA 98119
(713) 452-4400

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8.1 If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, including, upon written request from the designating Party, to whom the disclosure was made, their contact information, and the date of disclosure; (b) use its best efforts to retrieve all unauthorized copies of the protected material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL AND/OR NON-RESPONSIVE MATERIAL

9.1 When a producing party gives notice to receiving parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

STIPULATION AND PROTECTIVE ORDER -
10
NO. 2:25−cv−01635-JCC

**Serpe Andrews, PLLC**
221 First Avenue W., Ste 200
Seattle, WA 98119
(713) 452-4400

9.2 When a producing party gives notice to receiving parties of an inadvertent or mistaken production of non-responsive material that contains trade secret or other confidential business information, the receiving parties shall return or destroy these materials upon written request by the producing party.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

10.1 Within 60 days after the termination of this action, including all appeals, each receiving party must shred (if paper) or delete (if electronic) all confidential materials, as well as all copies, extracts, notes, reports, memoranda, summaries or other documents containing such confidential information. Alternatively, the parties may agree upon appropriate methods of destruction.

10.2 Notwithstanding this provision, counsel may retain one archival copy of: all documents filed with the court; trial and hearing transcripts; and trial exhibits, even if such materials contain confidential information. Counsel may also retain one archival copy of expert reports, expert work product, and attorney work product, even if such materials contain confidential information. Any such expert reports, expert work product, and attorney work product that contain confidential information shall remain subject to all requirements of this Protective Order for a period of seven (7) years after the termination of this action, including all appeals. After the expiration of the seven (7) year period provided herein, upon written request of the designating party, all documents that contain confidential material must be shredded (if paper) or deleted (if electronic).

10.3 The confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

STIPULATION AND PROTECTIVE ORDER - 11
NO. 2:25−cv−01635-JCC

**Serpe Andrews, PLLC**
221 First Avenue W., Ste 200
Seattle, WA 98119
(713) 452-4400

DATED: February 5, 2026

*s/Jeff Zane*
Jeffrey G. Zane, WSBA #62691
Michael N. Poli, WSBA #63619
Mariam W. Ahmed, WSBA #63115
Attorneys for Plaintiff


DATED: February 5, 2026

*s/Sean Marrin*
Sean F. Marrin, WSBA #63126
Amy H. Craft, WSBA #57433
Attorneys for Defendant

STIPULATION AND PROTECTIVE ORDER -
12
NO. 2:25−cv−01635-JCC

**Serpe Andrews, PLLC**
221 First Avenue W., Ste 200
Seattle, WA 98119
(713) 452-4400

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or other information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents or information, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED this 5th day of February 2026.

_____
JOHN C. COUGHENOUR

U.S. District Judge

STIPULATION AND PROTECTIVE ORDER - 13
NO. 2:25−cv−01635-JCC

**Serpe Andrews, PLLC**
221 First Avenue W., Ste 200
Seattle, WA 98119
(713) 452-4400

EXHIBIT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by United States District Court for the Western District of Washington at Seattle on _____, 2026, in the case of Bohlin v. State Farm Fire & Casualty Company, cause No. 2:25−cv−01635-JCC.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, including shredding (if paper) or deleting (if electronic) all confidential materials, as well as all copies, extracts, notes, reports, memoranda, summaries or other documents containing such confidential information within 60 days after the termination of this action, including all appeals. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington at Seattle for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATION AND PROTECTIVE ORDER - 14
NO. 2:25−cv−01635-JCC

**Serpe Andrews, PLLC**
221 First Avenue W., Ste 200
Seattle, WA 98119
(713) 452-4400

## CERTIFICATE OF SERVICE

I, Elijah Guinney, declare that I am employed by the law firm of Serpe Andrews, PLLC, 221 First Avenue West, #200, Seattle, WA 98119, Seattle, Washington; that I am over 18 years of age and not a party to this action.

I caused the foregoing pleading to be filed with the United States District Court for the Western District of Washington using the CM/ECF System which will send copies to all attorneys of record including those listed below:

| Counsel for Plaintiff | Counsel for Plaintiff |
|---|---|
| Jeffrey Zane, WSBA #62691<br>Michael N. Poli, WSBA #63619<br>Mariam W. Ahmed, WSBA #63115<br>POLI, MOON & ZANE, PLLC<br>720 Seneca St., Ste 107<br>Seattle, WA 98101<br>Phone: (206) 704-5653<br>jzane@pmzlaw.com<br>mpoli@pmzlaw.com<br>mahmed@pmzlaw.com | Robert D. Bohm, WSBA #42703<br>ROBERT D. BOHM, PLLC<br>PO Box 25536<br>Federal Way, WA 98093<br>(206) 463-6767<br>rdbohm@premisesinjurylaw.com |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed on the 5th day of February, 2026, at Seattle, Washington.

s/Elijah Guinney
Elijah Guinney, Legal Assistant

STIPULATION AND PROTECTIVE ORDER - 15
NO. 2:25−cv−01635-JCC

**Serpe Andrews, PLLC**
221 First Avenue W., Ste 200
Seattle, WA 98119
(713) 452-4400